UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES DAVID CUMMINS** | **CIVIL ACTION** |
| **VERSUS** | |
| **UNUMPROVIDENT INSURANCE CO., ET AL** | **NO. 04-339-A-M2** |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in chambers in Baton Rouge, Louisiana, October 25, 2007.

                                      **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES DAVID CUMMINS            CIVIL ACTION

VERSUS

UNUMPROVIDENT INSURANCE CO.,        NO. 04-339-A-M2
ET AL

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on the Cross-Motion for Final Judgment on the Merits of the Case (R. Doc. 72) filed by defendant, Unum Life Insurance Company ("Unum"), and the Motion for Summary Judgment on the Merits (R. Doc. 76) filed by plaintiff, Charles David Cummins ("Cummins"), both of which were referred back to the undersigned (R. Doc. 90) for consideration of a new argument asserted by Cummins in his objection (R. Doc. 88) to the undersigned's August 23, 2007 Report and Recommendation. (R. Doc. 87).

## FACTS & PROCEDURAL BACKGROUND

The August 23, 2007 Report and Recommendation contains a detailed description of the factual and procedural background of this matter.[1] In that report, the undersigned determined that Unum's decision to deny Cummins' long-term disability benefits ("LTD"), based upon the "pre-existing condition" clause in the group insurance policy issued by Unum to Cummins' employer, was not arbitrary and capricious. Specifically, the undersigned found that there was "some concrete evidence in the administrative record" to support Unum's decision that Cummins was treated for depression during the "pre-ex period" (*i.e.*, a pharmacy record reflecting that Cummins filled prescriptions for Zoloft on a

---

[1] A copy of the August 23, 2007 Report and Recommendation has been attached hereto for ease of reference.

1

monthly basis during that time period and the reports of Unum's various in-house physicians indicating that Zoloft is a medication used to treat depression) and that the pre-existing condition of depression caused or contributed to his alleged disability of cognitive decline (*i.e.*, all of Unum's on-site physicians concluded that depression was a "cause" or "contributing factor" to Cummins' disability; the independent medical examiner, Dr. Wolf, expressed no opinion as to whether depression caused Cummins' cognitive decline; and the opinion of Cummins' treating physician, Dr. Bolter, as to the exact cause of Cummins' cognitive decline ranged from "unknown" to a hypothesized brain injury or systemic illness but never completely ruled out depression as an indirect, contributing factor).

In response to the undersigned's August 23, 2007 report, Cummins filed an objection, wherein, for the first time, he asserted the argument that he "was not prescribed Zoloft for the treatment of depression [and that he] was prescribed Zoloft **only** as part of a research study in which he participated." Cummins presents this argument because, if Zoloft was only prescribed as part of a research study in which he participated, then it was not prescribed for a "sickness" or "injury" as defined by Unum's insurance policy and as required by the "pre-existing condition" clause relied upon by Unum in denying him benefits. As a result of the assertion of such new argument, the District Judge referred the cross-motions for summary judgment back to the undersigned for further consideration.

In response to the District Judge's referral, the undersigned issued an Order on October 4, 2007 (R. Doc. 91), wherein it was noted that Cummins' new argument appears to contradict statements previously made in his motion for summary judgment and in his reply to Unum's motion for summary judgment. Specifically, the undersigned noted that, in those briefs, Cummins referred to the Zoloft prescription in question as "unexplained" and

2

specifically indicated that "nothing is known about the reason for [the Zoloft] prescription." *See,* R. Doc. 91, citing R. Doc. 79, p. 18, and R. Doc. 80, pp. 5, 7.  Considering that contradiction in the plaintiff's arguments, the undersigned requested that Cummins come forward with "competent evidence substantiating his claim that Zoloft was only prescribed to him during the pre-ex period as part of a research study, rather than for the treatment of depression."  *Id.*  The Court further noted that plaintiff's speculation that, "for all one can tell from the administrative record, [Zoloft] could have been given, for example, to see if there [was] an interaction between it and the HIV drugs that were given as part of the study or to explore some other aspect of the study's research hypothesis," is an insufficient basis for finding that Zoloft was merely prescribed as part of a research study, "particularly given Cummins' documented depression in the medical records contained in the administrative record and references to the fact that Cummins had taken Zoloft prescribed by a psychiatrist in the past."[2]  The Court now considers Cummins' response to the October 4, 2007 Ruling & Order.

---

[2] *See*, October 4, 2007 Ruling & Order ("Plaintiff's memorandum in support of motion for summary judgment, R. Doc. 79, p. 16, where plaintiff admits there are "some references to depression and Zoloft in Dr. Osterberger's notes (see e.g. UPCL 271), there were in 1999, well before the pre-ex period."  The Court's review of Dr. Osterberger's notes indicates that Cummins had taken Zoloft back in 1999 and "felt better" while taking it.  *See*, UPCL 271.  The fact that Cummins had taken Zoloft in the past for psychiatric reasons/depression suggests that the reason he may have been taking it during the pre-ex period was for similar reasons.  Accordingly, for plaintiff's present argument to warrant further consideration, it is necessary that the plaintiff produce evidence that Cummins was prescribed Zoloft during the pre-ex period solely as part of a research study).

**LAW & ANALYSIS**

In response to the October 4, 2007 Ruling & Order, Cummins did not submit any "competent evidence substantiating his claim that Zoloft was only prescribed to him during the pre-ex period as part of a research study, rather than for the treatment of depression." Instead, he has submitted two items of evidence from outside the administrative record, which cannot be properly considered by the Court in its review of UNUM's benefits decision,[3] and which, even if permitted to be considered, provide no support for his "new argument" that Zoloft was only prescribed to him during the "pre-ex period" as part of a drug study.

The evidence submitted by Cummins includes a letter from the physician who prescribed the Zoloft in question, Dr. Steven Marlowe ("Dr. Marlowe"), wherein he indicates that he was "unable to locate any clinical records for Charles David Cummins who was a participant in the Dupont Protocol DMP 266-044" drug study. *See*, October 12, 2007 letter from Dr. Marlowe to plaintiff's counsel, June Denlinger, R. Doc. 92-2. Cummins has also submitted his own affidavit, wherein he attests to the fact that he participated in a drug study conducted by Dr. Brobson Lutz and Dr. Marlowe from approximately 1997 to 2002 to test the use of the drug, Sustiva, in persons diagnosed with HIV; that he had no contact with Dr. Marlowe other than as part of that drug study; that he has no independent recollection of Dr. Marlowe issuing the Zoloft prescription in question; and that Dr. Marlowe did not diagnose, treat, consult with, or otherwise provide him with medical care for

---

[3] *See, Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287 (5th Cir. 1999)(Once an administrative record has been determined in an ERISA case, a district court may not stray from it and is precluded from receiving evidence to resolve disputed material facts, *i.e.*, a fact the administrator relied upon to resolve the merits of the claim itself).

**4**

depression during the "pre-ex period."  *See*, Affidavit of Cummins, R. Doc. 92-3.

As noted above, even if considered, Dr. Marlowe's letter lends absolutely no support to Cummins' new argument that Zoloft was prescribed to him as part of a drug study.  That letter simply indicates that Dr. Marlowe has no clinic records for Cummins, which would document any medications Cummins took at Dr. Marlowe's prescription or the reasons for those medications.  The letter does not indicate that Dr. Marlowe prescribed Zoloft to Cummins only as part of a drug/research study, nor does it indicate that he prescribed Zoloft to Cummins for a reason other than depression.

The only other evidence submitted by Cummins is his own, self-serving affidavit, which does not provide any explanation for the Zoloft prescription and, even if it did, is, by itself, insufficient to defeat Unum's motion for summary judgment.  *See, Nilsson v. City of Mesa*, 2007 WL 2669788 (9th Cir. 2007)(A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact, as required to avoid summary judgment); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996)(affirming summary judgment for the plaintiffs where "the only evidence in support of the defendant's theory is a conclusory, self-serving statement by the defendant).[4]  Considering that Cummins has not presented any probative evidence, within or outside the administrative record, substantiating his theory that he was prescribed Zoloft "only as part of a research study," the Court cannot find that he has refuted the concrete evidence in the record supporting Unum's decision to deny him benefits.

---

[4] *See also, DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005), citing *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)(affirming summary judgment for plaintiff where defendant's only evidence consisted of "self-serving allegations," which "are not the type of significant probative evidence required to defeat summary judgment").

Additionally, the undersigned does not find that Cummins' new argument is supported by the "lack of evidence" in the record, as he suggests. Cummins contends that, because the administrative record "contains no treatment notes from any psychiatrist, psychologist or other mental health professional from the pre-ex period showing treatment for depression;" no notes from Cummins' treating physician, Dr. Osterberger, for that period; and no results from any objective testing (e.g. MMPI) from the pre-ex period, Unum should not have concluded that he was being treated for depression during that time period. However, as the undersigned explained in its prior Report and Recommendation, Cummins did not have to see a physician/mental health professional and/or receive a diagnosis of depression during the pre-ex period for the "pre-existing condition" clause in question to apply. He simply had to take a prescription medication for a "sickness" or "injury" during the pre-existing time frame, and such "sickness" or "injury" had to cause or contribute to his alleged disability. *See*, Footnote 20 of August 23, 2007 Report, R. Doc. 87. Because Cummins has failed to present any competent evidence demonstrating that Zoloft was being taken during the "pre-ex period" for a reason other than to treat the "sickness" of depression, the Court's prior recommendation should stand.

Lastly, the Court notes that the fact that Unum relied upon a single piece of evidence, a pharmacy record printout, in determining that Cummins took a prescription medicine for the treatment of depression during the "pre-ex period," is not a sufficient ground for finding its decision to deny benefits was arbitrary and capricious. The plaintiff in *Bebo v. Minntech Corp.*, 909 F.Supp. 662 (D. Minn. 1995), asserted a similar argument in an ERISA benefits case, contending that it was unreasonable for the plan administrator to rely, in denying long-term disability insurance benefits, on a single prescription printout,

6

which was barely legible and did not establish the purpose for which the drugs were prescribed nor when the drugs were taken. *Id.*, at 666-667. The court disagreed, noting that, although portions of the prescription record were illegible, the record demonstrated that the plaintiff filled the prescription continuously over a three year period, indicating that the plaintiff did not have a "90 day treatment free period" while insured, as would be necessary for the "pre-existing condition" clause in that case to be inapplicable.[5] *Id.*, at 667. Further, the court found that the types of prescriptions filled, including an Aerobid Inhaler System, presented "circumstantial evidence that the drugs were for [the plaintiff's] respiratory condition," and such evidence was "uncontroverted." *Id.* The court concluded that the administrator's denial of benefits was neither arbitrary nor capricious and granted the administrator's summary judgment motion. *Id.*

Similarly, in the present case, the pharmacy record in question indicates that Cummins had a prescription for Zoloft filled on a monthly basis during the "pre-ex" period. Furthermore, the type of prescription filled, a medication recognized by several physicians in the administrative record as being used to treat depression, in combination with the fact that Cummins had a documented history of depression and had taken Zoloft with success for treatment of depression in the past, was "circumstantial evidence" that the drug was used to treat Cummins for depression. Such evidence has not been "controverted" by any competent evidence that he took the drug for any other purpose. Accordingly, as the undersigned previously determined in the August 23, 2007 Report and Recommendation,

---

[5] The "pre-existing condition" clause in *Bebo* provided an exception to exclusion from benefits for a pre-existing condition if an employee had a "90 day treatment free period" while insured, during which the employee did not receive medical care and/or take prescription medications.

summary judgment should be granted in Unum's favor, upholding its benefits determination.

### **RECOMMENDATION**

For the above reasons, it is recommended that the Cross Motion for Final Judgment on the Merits of the Case (R. Doc. 72), filed by defendant, Unum Life Insurance Company, be **GRANTED**, upholding Unum's benefits decision, and that the Motion for Summary Judgment on the Merits (R. Doc. 76) filed by plaintiff, Charles David Cummins, be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, October 25, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**